ROBERT F. CRAIG, TRUSTEE OF CASSIDY LAND & CATTLE COMPANY, INC., APPELLEE, V. LYNDA CASSIDY TAYLOR LOGEMANN, INDIVIDUALLY AND AS TRUSTEE OF THE MCCARTY RANCH TRUST, APPELLANT, WILLIAM LOGEMANN, INDIVIDUALLY AND DOING BUSINESS AS W.S. CATTLE COMPANY, ET AL., APPELLEES.

412 N.W.2d 857

Filed September 25, 1987. No. 87-451.

William J. Rieb, for appellant.

David D. Begley of Kennedy, Holland, DeLacy & Svoboda, for appellee Craig.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from an order of the district court for Garfield County quieting title to a tract of land in Garfield County, Nebraska. The plaintiff below purchased the land at a foreclosure sale pursuant to proceedings conducted in the U.S. Bankruptcy Court for the District of Nebraska.

The factual situation is not complicated. Cassidy Land & Cattle Company, Inc., owned a 12,000-acre ranch, encumbered by a first mortgage in favor of Businessmen's Assurance Company. Severe financial difficulties arose in the operation of the ranch, resulting in large operating losses. Cassidy Land & Cattle Company conveyed the ranch to McCarty Ranch Trust and carried back a mortgage in excess of $2 million. Cassidy Land & Cattle Company was declared bankrupt by virtue of a petition filed in the bankruptcy court. Thereafter, the trustee filed an action to foreclose the mortgage in the U.S. District Court for the District of Nebraska. The action was referred to the bankruptcy court by the U.S. District Court.

At the foreclosure sale the bankruptcy trustee purchased the land. The sale was confirmed on August 19, 1986. At this point a number of documents had been filed in the office of the register of deeds in Garfield County sufficient, in the judgment of the trustee, to create a cloud on the trustee's title. The trial court sustained the trustee's motions for summary judgment, and the defendant Lynda Cassidy Taylor Logemann, individually and as trustee for McCarty Ranch Trust, appeals.

A number of issues are raised, but throughout this action only one question is presented: Does the bankruptcy court have jurisdiction to entertain an action for, and to foreclose, a real estate mortgage?

We first recognize that the U.S. Constitution and laws made pursuant to its authority are the supreme law of the land and that conflicting state laws cannot interfere with the operation of federal law. U.S. Const. art. VI.

The U.S. Constitution provides: "The Congress shall have Power . . . [t]o establish . . . uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8. The U.S. Bankruptcy Court and the U.S. District Court for the District of Nebraska have determined that the bankruptcy court had jurisdiction to entertain the foreclosure proceedings.

As this court said in *Fitzgerald v. Fitzgerald & Mallory Construction Co.*, 44 Neb. 463, 495, 62 N.W. 899, 910 (1895), "It is a sufficient answer that in all cases of apparent conflict between the state and federal courts the latter are the exclusive judges of their jurisdiction over the subject of the action. (*Freeman v. Howe*, 24 How. [U.S.], 459.)"

The judgment of the district court is accordingly affirmed.

AFFIRMED.